Judge Underwood,
delivered the opinion of the Court.
On the 27th of December, 1820, an act of the general assembly of that dale, gave to Daniel Trabue and others, the exclusive right to appropriate at any time within two years, any quantity of vacant land, not exceeding 5000 acres, situated within five miles of the place where they were boring, for salt water, upon certain conditions; one of which was, that they should not interfere with any actual settler at the passage of the act, and 200 acres around, and including his settlement in the centre. On the 7th of December, 1822, the provisions of the act of 1820, and also 1821, for the benefit of Trabue and others, were continued in force for two years thereafter. In March, 1822, Will. S. Patterson caused a survey to be made tor 80 acres, in virtue of a land warrant within less than five miles of the place where Trabue, &c. were boring for salt water. In April, 1828, Trabue filed bis cawo1!! to prevent a pa-tentissuing to Patterson. In November, 1828, the court decreed in favor of Trabue, and Patterson appealed.
Several objections-are here made to the decree. It is urged that the act in favor of Trabue, &c. is a violation of that provision of the constitution, which prohibits the granting of exclusive privileges.
We cannot admit the argument in support of this position to be sound. The commonwealth is absolute proprietor over its vacant domain. She may sell it upon such terms as she deems fit. When any portion of vacant soil is contracted to a citizen, he is then invested with an exclusive right to the portion purchased by him. It may be said with as much truth, that every patent for land grants, an exclusive privilege to the patentee, as it can be, that the reservation in behalf of Trabue amounts to such an exclusive privilege, as comes within the prohibition of the constitution. By the reservation, Trabue was encouraged to persevere and expend his money in pursuit of saltwater, the finding of which is of public utility. *599 Here then is a valuable consideration in Ihe public advantage, or in the private loss of Trabue, either of which would be sufficient to support a contract, if the act of 1820 were looked upon in that light. The privilege granted to Trabue, &c. did not interfere with the individual rights of any one, and if the act granting it is effectual to any purpose, it must be to exclude others from appropriating lands within the reserved boundary, until after the expiration of the period, during which the exclusive right to appropriate was reserved to Trabue, &c. Within this period, Patterson made his survey. In doing so, he violated the right secured to Trabue, &c. and therefore, to arrest Patterson, it was proper that Trabue should proceed by caveat, and prevent him from con-sumating an illegal act.
Caveat, the proper mode by which to arrest the completion of an illegal claim by ob-ten tion of patent.
Cunningham, for appellant; Monroe and Wickliffe, for appellees.
Patterson has endeavored to protect himself, by proving that one Alderson was an actual settler on the land; but in this he has failed. It is not shewn that his survey includes Alderson’s settlement, or any part of the 200 acres around it, to which extent Alderson would have been protected had he been an actual settler. Patterson has shewn no connection with Alderson. The proof shows that Alderson was not settled, and residing upon the land at the time the act passed granting the privilege to Trabue, 8ic. and we are of opinion, that a settlement and residence upon the land was necessary, in order to save' the quantity of 200 acres, including the settlement, from appropriation by Trabue, &c.
There are several minor objections to the judgment; but we do not deem them of such importance as to require any remark. We perceive no error in the record.
Wherefore, the judgment is affirmed with costs.